B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Southern District of New York<br>Manhattan Division | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**New 97 Cleaners, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**d/b/a Young's Valet Cleaners** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all):  **13-3965106** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**888 Eighth Avenue**<br>**New York, NY**<br><br>ZIP CODE  **10019** | Street Address of Joint Debtor (No. & Street, City, and State):<br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**888 Eighth Avenue**<br>**New York, NY** | ZIP CODE  **10019** |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>  *See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br><br>**Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13<br><br>**Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box)<br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**New 97 Cleaners, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed:　**NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**Eastern Farms, Inc.** | Case Number: | Date Filed:<br>**7/30/10** |
| District:<br>**SDNY** | Relationship:<br>**Common Debt/Owners** | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>❏ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X   Not Applicable**<br>　　　Signature of Attorney for Debtor(s)　　　　　Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
❏　Yes, and Exhibit C is attached and made a part of this petition.
☑　No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

❏　Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

❏　Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑　Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

❏　There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

❏　Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

❏　Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　(Name of landlord that obtained judgment)

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　(Address of landlord)

❏　Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

❏　Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

❏　Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**New 97 Cleaners, Inc.** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Debtor

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

**Douglas J. Pick** Bar No.
Printed Name of Attorney for Debtor(s) / Bar No.

**Pick & Zabicki**
Firm Name

**369 Lexington Avenue 12th Floor**
Address

**New York, NY 10017**

**(212) 695-6000**      **(212) 695-6007**
Telephone Number

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**Chung Hyuk Ahn**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR | | |
|---|---|---|
| Name of Debtor | Case Number | Date |
| **For You Cleaners, Inc.** | | **7/30/10** |
| District | Relationship | Judge |
| **SDNY** | **Common Debt/Owners** | |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Lee's Seoul Cleaners, Inc.** | | **7/30/10** |
| District | Relationship | Judge |
| **SDNY** | **Common Debt/Owners** | |

# United States Bankruptcy Court

## Southern District of New York
### Manhattan Division

In re:  Case No. _____
Chapter  11

New 97 Cleaners, Inc.

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **Chung Hyuk Ahn**, declare under penalty of perjury that I am the **President** of **New 97 Cleaners, Inc.**, a **New York** Corporation and that on **07/30/2010** the following resolution was duly adopted by the **Board of Directors** of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Chung Hyuk Ahn, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that **Chung Hyuk Ahn, President** of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that **Chung Hyuk Ahn, President** of this Corporation, is authorized and directed to employ **Douglas J. Pick**, attorney and the law firm of **Pick & Zabicki** to represent the Corporation in such bankruptcy case."

Executed on: _____   Signed: _____
                                          Chung Hyuk Ahn

Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 11
NEW 97 CLEANERS, INC.,                                    Case No. 10-
d/b/a Young's Valet Cleaners,

                        Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NEW YORK  )

        CHUNG HYUK AHN, being duly sworn, deposes and says:

        1.     I am the President of New 97 Cleaners, Inc., d/b/a Young's Valet Cleaners, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 1007-2 of the Local Rules of this Court.

        2.     The Debtor is a company engaged in the operation of a dry cleaning business which is located at 888 Eighth Avenue, New York, New York 10019. My duties with the Debtor include managing and overseeing the Debtor's daily operations.

        3.     On July 30, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this

Court and an Order for Relief was entered. The Debtor continues to manage its property and affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No committee of creditors has been appointed.

4.  The Debtor had pledged its capital stock as collateral for the repayment of certain amounts loaned to Eastern Farms, Inc. ("Eastern Farms") under certain secured promissory notes and had executed a cross-corporate guarantee of the debt obligations. The Debtor filed its chapter 11 petition because Eastern Farms is imminently required to make payments of approximately: (a) $654,338 on July 31, 2010 under a certain promissory note dated August, 2009; and (b) $35,919 on July 31, 2010 under a certain secured promissory note dated August 21, 2009, both of which are secured by a lien against Eastern Farms' assets.[1] The two promissory notes are also allegedly secured by a lien against the capital stock of Eastern Farms and two other affiliated entities: Lee's Seoul Cleaners, Inc. and For You Cleaners, Inc. Upon information and belief, Eastern Farms does not presently have the financial wherewithal to make said payments and, thus, the Debtor sought relief to gain the time necessary to reorganize its financial affairs. I believe that given a respite from its creditors, the Debtor can successfully and expeditiously exit chapter 11.

5.  Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of what I believe to be the Debtor's twenty largest unsecured creditors, excluding insiders, will shortly be filed with the Court.

6.  Pursuant to LBR 1007-2 (a)(5), list containing the names and addresses of what I believe to be the Debtor's five largest secured creditors, excluding insiders, will shortly be filed with the Court.

---

[1] Upon information and belief, Woori America Bank has a first lien against Eastern Farms' assets in the approximate amount of $871,914.

7. Pursuant to LBR 1007-2 (a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules B, D, E, and F will shortly be filed with the Court.

8. Pursuant to LBR 1007-2(a)(7) the shares of stock of the Debtor are held as follows:

| Shareholder | Percentage Interest |
|---|---|
| Chung Hyuk Ahn | 100% |

9. Pursuant to LBR 1007-2(a)(8), there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

10. Pursuant to LBR 1007-2(a)(9) the Debtor leases its premises located at 888 Eighth Avenue, New York, New York 10019 (the "Premises"). The monthly base rent is approximately $9,000.00. The term of the lease covering the Premises runs for approximately another ten (10) years.

11. Pursuant to LBR 1007-2(a)(10), the Debtor's assets and its books and records are all located at the Premises.

12. Pursuant to LBR 1007-2(a)(11), there are no pending actions or proceedings against the Debtor.

13. Pursuant to LBR 1007-2(a)(12) the individuals who currently comprise the Debtor's existing management, their tenure with the Debtor and their responsibilities are as follows:

| Name | Tenure | Responsibilities |
|---|---|---|
| Young Ae Lee | 1997-Present | President responsible for managing and overseeing the Debtor's daily operations. |
| Chung Hyuk Ahn | 1997-Present | Secretary and Manager responsible for payroll and overseeing operations. |

14. The Debtor has one employee that is on the Debtor's payroll. The estimated payroll (exclusive of officers, directors and stockholders) for the 30 day period following the filing of the chapter 11 petition is approximately $800.

15. The amount proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition to the officers, directors, and shareholders of the company is $2,400.

16. During the thirty (30) day period following the commencement of the chapter 11 case, the Debtor expects its gross revenues to total approximately $38,350. Expenses and disbursements (inclusive of all salaries and taxes) for the month should total approximately $36,416.

17. Attached hereto as *Exhibit "A"* is the Debtor's most recently prepared corporate Balance Sheet and Profit and Loss Statement.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to restructure its business and pay creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
CHUNG HYUK AHN

Sworn to before me this
30th day of July, 2010

_____
Douglas J. Pick
Notary Public, State of New York
No. 02PI4758430 Qualified in New York County
Commission Expires February 26, 2011

4

# NEW 97 CLEANERS, INC

BALANCE SHEET

MAY 31, 2009

ASSETS

CURRENT ASSETS

    CASH IN BANK                                            $35,986.16

    TOTAL CURRENT ASSETS                                                                                   35,986.16

FIXED ASSETS

| | |
|---|---:|
| AUTO | 28,000.00 |
| ACCUMULATED DEPRECIATION | (18,150.00) |
| FURNITURE & FIXTURE | 258,814.00 |
| ACCUMULATED DEPRECIATION | (205,482.40) |
| EQUIPMENT | 28,000.00 |
| ACCUMULATED DEPRECIATION | (28,000.00) |
| INTANGIBLE ASSETS | 170,471.00 |
| ACCUMULATED AMORTIZATION | (170,471.10) |

    TOTAL FIXED ASSETS                                                         63,181.50

OTHER ASSETS

    SECURITY DEPOSIT                                     2,600.00

    TOTAL OTHER ASSETS                                                                2,600.00

        TOTAL ASSETS                                                                                        $101,767.66

# NEW 97 CLEANERS, INC

## BALANCE SHEET

*MAY 31, 2009*

### LIABILITIES AND EQUITY

**CURRENT LIABILITY**

| | | |
|---|---:|---:|
| FWT PAYABLE | $754.43 | |
| SWT PAYABLE | 104.00 | |
| LOAN FROM SHAREHOLDER | 4,030.34 | |
| AUTO MORTGAGE | 28,180.05 | |
| TOTAL CURRENT LIABILITY | | 33,068.82 |
| TOTAL LIABILITIES | | 33,068.82 |

**EQUITY**

| | | |
|---|---:|---:|
| COMMON STOCK | 40,000.00 | |
| RETAINED EARNING | 5,725.16 | |
| RETAINED EARNINGS-CURRENT YEAR | 22,973.68 | |
| TOTAL EQUITY | | 68,698.84 |
| TOTAL LIABILITIES AND EQUITY | | $101,767.66 |

# NEW 97 CLEANERS, INC
## INCOME STATEMENT
### FOR THE 12 PERIODS ENDED MAY 31, 2009

|  | YEAR TO DATE | | | |
|---|---|---|---|---|
|  | ACTUAL | PERCENT | PRIOR YEAR | PERCENT |
| **REVENUE:** | | | | |
| SALES | | | | |
| SALES | $460,207.53 | 100.0 % | 415,020.79 | 100.0 |
| TOTAL SALES | 460,207.53 | 100.0 | 415,020.79 | 100.0 |
| TOTAL REVENUE | 460,207.53 | 100.0 | 415,020.79 | 100.0 |
| GROSS PROFIT | 460,207.53 | 100.0 | 415,020.79 | 100.0 |
| **OPERATING EXPENSES** | | | | |
| RENT | 139,569.55 | 30.3 | 143,397.98 | 34.6 |
| COMMISSIONS | 60,127.50 | 13.1 | .00 | .0 |
| OUTSIDE HELPERS | 40,080.65 | 8.7 | 40,296.53 | 9.7 |
| SALARIES & WAGES | 26,800.72 | 5.8 | 40,000.00 | 9.6 |
| DEPRECIATION EXPENSE | 34,910.00 | 7.6 | 53,602.40 | 12.9 |
| AMORTIZATION EXPENSE | 3,424.00 | .7 | 17,047.10 | 4.1 |
| FICA EXP | 2,050.20 | .4 | 3,060.00 | .7 |
| N.Y.S. UNEMPLOYMENT INSURANCE | 213.44 | .0 | 166.10 | .0 |
| FUTA | .00 | .0 | 168.00 | .0 |
| N.Y.S. CORPORATION TAX | 694.97 | .2 | 155.00 | .0 |
| N.Y.C. CORPORATION TAX | 695.00 | .2 | 1,900.00 | .5 |
| ACCOUNTING FEE | 200.00 | .0 | 3,640.00 | .9 |
| LEGAL & PROFESSIONAL FEE | .00 | .0 | 1,500.00 | .4 |
| AUTO & TRUCKING EXPENSES | 1,390.00 | .3 | 3,951.00 | 1.0 |
| BANK CHARGE | 10,078.78 | 2.2 | 9,041.77 | 2.2 |
| LICENSES & PERMITS | 1,578.46 | .3 | 1,442.98 | .3 |
| INSURANCE EXPENSES | 5,716.39 | 1.2 | 5,867.48 | 1.4 |
| INTEREST EXPENSES | .00 | .0 | 2,011.15 | .5 |
| JANITORIAL EXPENSES | 1,538.86 | .3 | 1,997.16 | .5 |
| MEAL, ENTAINMENT & TRAVEL EXP | 482.42 | .1 | .00 | .0 |
| OFFICE EXPENSES | 1,307.00 | .3 | 2,710.68 | .7 |
| SUPPLIES | 68,087.34 | 14.8 | 38,405.88 | 9.3 |
| TELEPHONE EXPENSES | 2,561.20 | .6 | 3,594.42 | .9 |
| UTILITIES | 22,637.70 | 4.9 | 32,919.31 | 7.9 |
| EQUIPMENT RENT | .00 | .0 | 6,944.69 | 1.7 |
| MISCELLANEOUS | 12,689.67 | 2.8 | 659.00 | .2 |
| DONATION | 400.00 | .1 | .00 | .0 |
| TOTAL OPERATING EXPENSES | 437,233.85 | 95.0 | 414,478.63 | 99.9 |
| NET INCOME FROM OPERATIONS | 22,973.68 | 5.0 | 542.16 | .1 |
| EARNINGS BEFORE INCOME TAX | 22,973.68 | 5.0 | 542.16 | .1 |
| NET INCOME (LOSS) | $22,973.68 | 5.0 % | 542.16 | .1 |